## THE BEDFORD COMMERCIAL INSURANCE COMPANY *vs.* CHARLES COVELL.

An insurance company, on the application of S., who was C.'s agent, caused " S. for C.
to be assured on ship G.," and S. gave the company a promissory note for t.
premium, signed by himself alone, without mentioning his agency, and charged th
premium in account with C., and had it allowed : S. was afterwards declared bank-
rupt, and the company proved their note as a claim against him, and received a divi-
dend upon it. *Held,* that the company could not maintain an action against C. to
recover the balance of the note.

ASSUMPSIT on the note hereinafter set forth, alleged to be the
note of the defendant, made by his agent. The parties sub-
mitted the case to the court on the agreed statement of facts
which follows :

The plaintiffs, by a policy of insurance, dated April 29th
1839, caused " William H. Stowell, for Charles Covell, $3000,
Charles Hafford $1750, and George W. Little $1750, to be
assured, lost or not lost, sixty five hundred dollars on ship Gol-
conda and outfits, proportionally on each, at and from New
Bedford to wherever she may go on a whaling voyage ; at and
after the rate of three per cent. if the risk ends within twelve
months, and *pro ratâ* for a longer time ; to add half per cent. if
she goes to Cape Town to recruit." The following note was
thereupon made and delivered to the plaintiffs :  " New Bed-
ford, 4th mo. 29, 1839.  For value received in a policy of in-
surance, No. 4847, we promise to pay the Bedford Commercial
Insurance Company, or order, at the Bedford Commercial Bank
in New Bedford, one hundred and ninety six dollars, together
with such additional premium as may be due agreeably to the
terms of said policy, in sixty days after the termination of the
risk for which this note is given.        William H. Stowell."

The defendant was a part owner of the ship named in the
said policy, and William H. Stowell, therein named, procured
the insurance for the defendant, at his request. The said Stow
ell, when said policy was executed, gave to the plaintiffs the
note above described. The said ship sailed on the contem-
plated voyage, and was covered by said policy until its termi-

nation in April 1841, when the extra premium earned upon the defendant's part of said ship, according to the terms of said policy, amounted to $

When said insurance was effected, a notice was posted in the office of the plaintiffs, in the words following : " No insurance is valid or binding upon the company, until the premium is paid, or a note given by the person effecting insurance."

The said Stowell was the agent for said ship, and, immediately after her return, made a settlement with the defendant, in which he charged and was allowed the premium due from the defendant on the said policy. In April 1842, the said Stowell was declared bankrupt, under the provisions of the bankrupt act of the United States, then in force ; and, in December 1842, the plaintiffs proved certain claims against his estate, and, among them, a claim for the premium and extra premium earned on the aforesaid policy, and afterwards received, from said Stowell's estate, a dividend of $15\frac{45}{100}$ per cent. upon the amount of their claims so proved. No demand was made by the plaintiffs upon the defendant, until after said claims were proved as aforesaid. The plaintiffs have received no part of said premium, except as aforesaid, nor any other security for the same, besides the aforesaid note of said Stowell.

*Coffin & Colby*, for the plaintiffs, cited *Ins. Co. of Pennsylvania* v. *Smith*, 3 Whart. 520.

*Eliot*, for the defendant, cited *Stackpole* v. *Arnold*, 11 Mass. 27 ; 2 Walford on Parties, 777 ; and *French* v. *Price*, 24 Pick. 13.

SHAW, C. J.  This case is governed by that of *Stackpole* v. *Arnold*, 11 Mass. 27, which decides, in a similar case, where insurance was effected by an agent, and his note given, that although the agent had full authority to bind his principal, if he had chosen to do so, yet having given his own note, and that note being accepted without reference to his authority to act for another, the agent, and not the principal, was bound by it. Indeed, in one particular, the present case is much stronger for the defendant, than the case cited. In that case, the agent had not charged the premium to his principal, nor had the underwriter made any claim on the agent for the premium

But, in this case, Stowell charged the premium in account with the defendant, and had it allowed ; and the plaintiffs proved the note, as a claim against Stowell, and received a dividend upon it.

*Judgment for the defendant.*